IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. WDQ-13-0457 |
| ) | |
| ROBERT M. FELDMAN, ) | |
| Defendant.   ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, the defendant, Robert M. Feldman, pled guilty pursuant to a written plea agreement to Count 1 of the Criminal Information, charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. §1349,

WHEREAS, pursuant to his plea agreement, the defendant agreed to forfeit $278,105,193, representing the proceeds of his offense to the United States in the form of a money judgment;

WHEREAS, the defendant also agreed to forfeit:

(1) a 2009 Boston Whaler, Hull No. BWCE4066L809, and

(2) a 2010 Rolls Royce, VIN SCA664S51AUX48735,

as property directly traceable to the offense ("the directly forfeitable property");

WHEREAS the money judgment and the directly forfeitable property are referred to herein as "the Subject Property"; and

WHEREAS, the defendant agreed that entry of this order shall be made a part of the sentence in or out of the presence of the defendant and be included in the judgment in this case without further order of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. §981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. 1956(c)(7), 18 U.S.C. 1961(1), 18 U.S.C. § 3554, and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Rule 32.2(b)(3), the United States is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets or otherwise used to satisfy the money judgment.

3. Upon entry of this Order, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. See Rule 32.2(c). The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. See Rule 32.2(b)(6). No such notice or ancillary proceeding is necessary, however, to the extent that this Order consists solely of a judgment for a sum of money. Rule 32.2(c)(1).

4. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and

for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

5. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

6. If a petition is filed by a third party, and after the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

8. Pursuant to Rule 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

9. Insofar as this Order contains a judgment for a sum of money, the Defendant shall remain personally liable until the judgment is satisfied. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Rule 32.2(e) if the Government locates specific assets traceable to the Subject Property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § § 853(p).

10. The value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment.

11. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorneys Martin J. Clarke and Joyce K. McDonald, U.S. Attorney's Office, 36 S. Charles Street, Baltimore, MD 21201.

Date: 9/3/13

William D. Quarles, Jr.
United States District Judge

WE ASK FOR THIS:

Martin J. Clarke
Joyce K. McDonald
Assistant United States Attorneys

Robert M. Feldman

Henry E. Hockeimer, Jr.
Attorney for the Defendant